AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT 05-PT-331-TFH

| SOUTHERN | District of | OHIO |
|---|---|---|

UNITED STATES OF AMERICA
V.
IKENNA S. MYERS

### JUDGMENT IN A CRIMINAL CASE

Case Number:     CR-2-03-192

USM Number:     66104-061

DAVID AXELROD
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)     ONE OF AN INFORMATION

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2314 | TRANSPORTING A COUNTERFEIT SECURITY | 07/15/00 | 1 |

The defendant is sentenced as provided in pages 2 through     5     of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)     ☐ is     ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JUNE 23, 2004
Date of Imposition of Judgment

Signature of Judge

GEORGE C. SMITH, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

6/29/04
Date

I CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF THE
ORIGINAL FILED IN MY OFFICE
ON
JAMES BONINI, CLERK
BY                    Deputy Clerk
DATE: 9/20/05



NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SEP 2 3 2005

RECEIVED

DEFENDANT:    IKENNA S. MYERS
CASE NUMBER:    CR-2-03-192

# PROBATION

The defendant is hereby sentenced to probation for a term of :
THREE (3) YEARS.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

   future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal C
Sheet 4C — Probation

Judgment—Page ___3___ of ___5___

DEFENDANT:    IKENNA S. MYERS
CASE NUMBER:    CR-2-03-192

## SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall complete 100 hours of community service at the direction of the probation officer.

2. Defendant shall participate in a program of substance abuse testing and treatment at the direction of the probation officer.

3. Defendant shall undergo mental health treatment at the direction of the probation officer.

4. Defendant shall pay restitution in the amount of $38,894.74. The Court orders defendant to make monthly payments in the amount of $50 towards this restitution obligation

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

DEFENDANT:        IKENNA S. MYERS
CASE NUMBER:      CR-2-03-192

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ -0- | $ 38,894.74 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| U. S. BANK | $38,894.74 | $38,894.74 | 100% |
| 688 North high Street | | | |
| 2nd Floor | | | |
| Worthington, OH 43085 | | | |
| Attn: Lisa Carco | | | |
| | | | |
| **TOTALS** | $ _____ $38,894.74 | $ 38,894.74 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the   ☐ fine   X restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page ___5___ of ___5___

DEFENDANT:          IKENNA S. MYERS
CASE NUMBER:        CR-2-03-192

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X  Lump sum payment of $  __38,994.74__  due immediately, balance due

      ☐  not later than _____ , or
      X  in accordance    ☐ C,   ☐ D,   ☐   E, or   X  F below; or

**B**  X  Payment to begin immediately (may be combined with    ☐ C.     ☐ D, or   X  F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:
    DEFENDANT SHALL MAKE MONTHLY PAYMENTS IN THE AMOUNT OF $50 TOWARDS HIS RESTITUTION OBLIGATION.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

05-PT- 331-TFH

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

2003 NOV 14  P 4: 05

UNITED STATES OF AMERICA       :

vs.                            :       Case No. **CR2** 03 **192**
                                       18 U.S.C. §2314
                                       JUDGE SMITH
IKENNA S. MYERS                :

INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

COUNT 1

On or about July 15, 2000, in the Southern District of
Ohio, Defendant IKENNA S. MYERS, with unlawful and fraudulent
intent, did transport in interstate commerce from Columbus, Ohio
to Indianapolis, Indiana, a counterfeited security, that is,
Packaging Materials Inc. check, number 5253, dated July 12, 2000,
in the amount of $38,894.74, made payable to Sharmi Isaiah and
drawn on Packaging Materials Inc. account at Firstar Bank,
knowing the same to be counterfeited.

In violation of 18 U.S.C. §2314.

I CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF THE
ORIGINAL FILED IN MY OFFICE
ON
JAMES BONINI, CLERK
BY:
                    Deputy Clerk
DATE: 9/20/05

GREGORY G. LOCKHART
UNITED STATES ATTORNEY

GARY L. SPARTIS
DEPUTY CRIMINAL CHIEF

RECEIVED

SEP 2 3 2005

NANCY MAYER WHITTINGTON  CLERK
U.S. DISTRICT COURT


KENNETH J. MURPHY
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

2003 NOV 14 ℙ 4: 06

U.S. DISTRICT COURT
SOUTHERN DIST OF OH
EAST. DIV.

05-PT-331-TFH

UNITED STATES OF AMERICA          :

v.                                :

IKENNA S. MYERS                   :

No. **CR2 03 192**

JUDGE **JUDGE SMITH**

I CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF THE
ORIGINAL FILED IN MY OFFICE
ON
JAMES BONINI, CLERK
BY:
Deputy Clerk
DATE: 9/20/05

## PLEA AGREEMENT

Plaintiff United States of America and Defendant IKENNA
S. MYERS hereby enter into the following Plea Agreement pursuant to
Rule 11(e) of the Federal Rules of Criminal Procedure:

1.    Defendant IKENNA S. MYERS will enter a plea of
guilty to Count 1 of the Information filed herein which charges him
with interstate transportation of counterfeited securities, in
violation of 18 U.S.C. §2314.

2.    Defendant IKENNA S. MYERS understands the maximum
penalty which may be imposed pursuant to his plea of guilty to
Count 1 of the Information is a term of imprisonment of 10 years,
a fine of $250,000 and 3 years of supervised release.

3.    Prior to or at the time of sentencing, the Defendant
will pay a special assessment of $100.00, as required in 18 U.S.C.
§3013.  This payment shall be made to the United States District
Court, at the Clerk's Office, Room 260, 85 Marconi Boulevard,



RECEIVED

SEP 2 8 2005

NANCY MAYER WHITTINGTON  CLERK
U.S. DISTRICT COURT

charged in the Information or based on other interstate transportation of counterfeited securities in the Southern District of Ohio occurring prior to the date of the Information and as to which defendant gives testimony or makes statements pursuant to this agreement.

7.    The defendant, IKENNA S. MYERS, is aware that the defendant's sentence will be imposed in accordance with the Sentencing Guidelines and Policy Statements. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is further aware that any estimate of a probable sentencing range under the guidelines that the defendant may have received, or may receive in the future, from his counsel, the United States, or the probation office is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. The United States makes no promise or representation concerning the sentence that the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

8.    The parties agree that pursuant to U.S.S.G. §3E1.1, at the time of his plea, the defendant, IKENNA S. MYERS, has accepted responsibility for this offense and that he is entitled to a 2-level reduction in the applicable base offense level under the

3

Columbus, Ohio 43215. Defendant will furnish to the government a receipt or other evidence of payment at the time of sentencing.

4. Defendant IKENNA S. MYERS agrees to testify truthfully and completely concerning all matters pertaining to the Information filed herein and to any and all matters involving the interstate transportation of counterfeited securities in which he may have been involved or as to which he may have knowledge. Defendant further agrees to provide a complete statement to authorities of the United States concerning such matters prior to the entry of his guilty plea pursuant to this agreement. Defendant agrees to submit to supplemental debriefings on such matters whenever requested by authorities of the United States, whether before or after his plea is entered.

Pursuant to §1B1.8 of the United States Sentencing Guidelines, the government agrees that any self-incriminating information so provided will not be used against the defendant in determining the applicable guideline range for sentencing, or as a basis for upward departure from the guideline range.

5. Defendant shall make restitution to the victims of this offense.

6. If such a guilty plea is entered, and not withdrawn, and defendant IKENNA S. MYERS acts in accordance with all other terms of this agreement, the United States Attorney for the Southern District of Ohio agrees not to file additional criminal charges against defendant IKENNA S. MYERS based on his activities

sentencing guidelines.  At the time of sentencing the United States will not object to this same determination provided defendant's conduct has continued to demonstrate compliance with the terms of U.S.S.G. §3E1.1.  The parties further understand that this agreement is not binding on the Court and the final determination concerning the defendant's acceptance of responsibility rests with the Court.

9.    The defendant, IKENNA S. MEYERS understands that this agreement does not protect him from prosecution for perjury, should he testify untruthfully, or for making false statements, nor does it protect him from prosecution for other crimes or offenses as to which he does not make admissions or give truthful information and which the United States discovers by independent investigation.  Further, should the defendant, IKENNA S. MYERS fail to comply fully with the terms and conditions set forth herein or should he fail to appear as required for sentencing, this agreement is voidable at the election of the government, in which case Defendant IKENNA S. MYERS shall be subject to prosecution as if the agreement had never been made.

10.    It is agreed if the Court refuses to accept any provision of this Plea Agreement, neither party is bound by any of its provisions, Defendant IKENNA S. MYERS may withdraw his guilty plea, and the United States Attorney for the Southern District of Ohio may proceed with prosecution pursuant to the Information

4

without prejudice.

11.   The United States Attorney for the Southern District of Ohio agrees that if defendant provides substantial assistance in the investigation or prosecution of others who have committed criminal offenses, the United States Attorney for the Southern District of Ohio may move the Court pursuant to 18 U.S.C. §3553(e) and/or 5K1.1 of the Federal Sentencing Guidelines for an appropriate departure from the otherwise applicable guideline range for defendant's sentence and will in connection therewith make known to the Court the nature and extent of defendant's assistance. Defendant understands that whether such a motion for departure should be made is within the sole discretion of the U.S. Attorney. Defendant further understands that whether and to what extent such a motion should be granted are solely matters for determination by the Court.

12.   By virtue of the defendant pleading guilty to Count 1 of the Information, the defendant understands that he is not a prevailing party as defined in 18 U.S.C. §3006A (statutory note captioned "Attorney Fees and Litigation Expenses to Defense") and hereby expressly waives his right to sue the United States.

13.   No additional promises, agreements, or conditions have been made relative to this matter other than those expressly

set forth herein, and none will be made unless in writing and
signed by all parties.

___11/1/2003___
DATE

Ikenna S. My
IKENNA S. MYERS
Defendant

___11/7/03___
DATE

REGINALD A. COOKE
Attorney for Defendant

GREGORY G. LOCKHART
UNITED STATES ATTORNEY

___11/12/03___
DATE

DALE E. WILLIAMS (0020094)
Assistant United States Attorney

BRENDA S. SHOEMAKER (0041411)
Assistant United States Attorney

6

**RECEIVED**

SEP 2 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CLOSED

# U.S. District Court
## Southern District of Ohio (Columbus)
## CRIMINAL DOCKET FOR CASE #: 2:03-cr-00192-GCS-ALL
### Internal Use Only

*05-PT- 331- TFH*

Case title: USA v. Myers

Date Filed: 11/14/2003

Assigned to: George C. Smith

## Defendant

**Ikenna S Myers** (1)
*TERMINATED: 06/29/2004*

represented by **Reginald Alpha Cooke**
Cooke & Associates - 2
338 S. High Street
Columbus, OH 43215
(614) 222-0531
Email:
reginald.cooke@sbcglobal.net
*TERMINATED: 04/08/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**David Freeman Axelrod**
Vorys Sater Seymour and
Pease, LLP
PO Box 1008
52 E Gay Street
Columbus, OH 43216-1008
614-464-8246
Fax: 614-719-4612
Email: dfaxelrod@vssp.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

## Pending Counts

SCHEME TO DEFRAUD:
MONEY, STATE TAX
STAMPS
(1)

## Disposition

Defendant to serve 3 years
probation, ,894.74 restitution
and special assessment.

## Highest Offense Level
## (Opening)

Felony

## Terminated Counts

None

## Disposition

## Highest Offense Level
## (Terminated)

None

## Complaints

None

## Disposition

## Plaintiff

**USA**                    represented by **Brenda S Shoemaker**
United States Attorney's Office
- 2
303 Marconi Boulevard
2nd Floor
Columbus, OH 43215
614-469-5715
Email:
brenda.shoemaker@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dale Edward Williams, Jr.**
United States Attorney's Office
- 2
303 Marconi Boulevard
2nd Floor
Columbus, OH 43215
614-469-5715
Fax: 614-469-5653
Email:
dale.williams@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas W Squires**
303 Marconi Boulevard
Suite 200
Columbus, OH 43215
614/469-5715
Email:
douglas.squires@usdoj.gov

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 11/14/2003 | 1 | INFORMATION as to Ikenna S Myers (1) count(s) 1. Arraignment set for 11/25/2003 01:30 PM before George C. Smith. (lvw, ) (Entered: 11/18/2003) |
| 11/14/2003 | 2 | PLEA AGREEMENT as to Ikenna S Myers (lvw, ) (Entered: 11/18/2003) |
| 11/14/2003 | 3 | ELEMENTS OF THE OFFENSE as to Ikenna S Myers (lvw, ) (Entered: 11/18/2003) |
| 11/19/2003 | 4 | Summons Issued as to Ikenna S Myers Arraignment set for 11/25/2003 01:30 PM before George C. Smith. (lvw, ) (Entered: 11/21/2003) |
| 11/25/2003 | 5 | Minute Entry for proceedings held before Judge George C. Smith :Arraignment as to Ikenna S Myers |

|  |  |  |
|---|---|---|
|  |  | (1) Count 1 held on 11/25/2003, guilty plea entered to count 1 of an information by Ikenna S Myers. Court accepted plea and plea agreement. PSR ordered. Dft to remain on bond pending sentence. (Court Reporter Gina Wells.) (lvw, ) (Entered: 12/01/2003) |
| 11/25/2003 | ⬭6 | WAIVER OF INDICTMENT by Ikenna S Myers (lvw, ) (Entered: 12/01/2003) |
| 12/01/2003 | ⬭7 | Presentence Referral Notice as to Ikenna S Myers (lvw, ) (Entered: 12/01/2003) |
| 12/02/2003 | ⬭8 | OR Bond Bond Entered with conditions of release as to Ikenna S Myers, Filed 11/25/2003. (jdm, ) (Entered: 12/02/2003) |
| 02/26/2004 | ⬭9 | MOTION to Reduce Sentence *Government's Recommendation for Downward Departure* by USA as to Ikenna S Myers. (Squires, Douglas) (Entered: 02/26/2004) |
| 03/12/2004 | ⬭11 | MOTION for Extension of Time to File Objections to Presentence Report by Ikenna S Myers. (lvw, ) (Entered: 03/15/2004) |
| 03/15/2004 | ⬭10 | MOTION to Substitute Attorney by Ikenna S Myers. (Axelrod, David) (Entered: 03/15/2004) |
| 03/16/2004 | ⬭12 | ORDER granting 11 Motion for Extension of Time to File Objections to the Presentece Report. Objections to be filed not later than 4/19/04 as to Ikenna S Myers (1). Signed by Judge George C. Smith on 3/16/04. (lvw, ) (Entered: 03/16/2004) |
| 04/08/2004 | ⬭13 | MOTION to Produce *Copy of Defendant's Passport* by Ikenna S Myers. (Axelrod, David) (Entered: 04/08/2004) |
| 04/08/2004 | ⬭14 | ORDER granting 10 Motion to Substitute Attorney. David Freeman Axelrod for Ikenna S Myers replacing Reginald Alpha Cooke.. Signed by Judge George C. Smith on 4/8/04. (lvw, ) (Entered: 04/09/2004) |

| 04/13/2004 | ❍15 | ORDER granting 13 Motion to Produce as to Ikenna S Myers (1). Signed by Judge George C. Smith on 4-12-04. (ga, ) Additional attachment(s) added on 4/13/2004 (bab, ). (Entered: 04/13/2004) |
|---|---|---|
| 04/15/2004 | ❍16 | MOTION for Extension of Time to File *Objections to the Presentence Investigation Report* by Ikenna S Myers. (Axelrod, David) (Entered: 04/15/2004) |
| 04/20/2004 | ❍17 | ORDER granting 16 Motion for Extension of Time to File Objections to the Presentence Report until 4/26/04 as to Ikenna S Myers (1). Signed by Judge George C. Smith on 4/20/04. (lvw, ) (Entered: 04/21/2004) |
| 05/17/2004 | ❍18 | MOTION for Extension of Time to File *the Probation Officer's Presentence Investigation Report* by Ikenna S Myers. (Axelrod, David) (Entered: 05/17/2004) |
| 05/18/2004 | ❍19 | ORDER - petition for action on conditions of pretrial release requested and no action taken as to Ikenna S Myers . Signed by Judge Norah McCann King on 5/18/04. (jdm, ) (Entered: 05/18/2004) |
| 05/18/2004 | ❍20 | ORDER Granting 18 Joint Motion for Extension of Time to File the Probation Officer's Presentence Investigation Report as to Ikenna S Myers. The PSI Report shall be filed by 5/24/04 . Signed by Judge George C. Smith on 5/18/04. (tto, ) (Entered: 05/18/2004) |
| 05/25/2004 | ❍21 | Notice of PSI Transmittal to Judicial Officer as to Ikenna S Myers (lvw, ) (Entered: 05/25/2004) |
| 05/25/2004 | ❍22 | NOTICE OF HEARING as to Ikenna S Myers Sentencing set for 6/23/2004 01:30 PM before George C. Smith. (lvw, ) (Entered: 05/25/2004) |
| 06/22/2004 | ❍23 | SENTENCING MEMORANDUM by Ikenna S Myers (Axelrod, David) (Entered: 06/22/2004) |
| 06/23/2004 | ❍24 | Minute Entry for proceedings held before Judge George C. Smith :Sentencing held on 6/23/2004 for |

| | | |
|---|---|---|
| | | Ikenna S Myers (1), Count(s) 1, Defendant to serve 3 years probation, $38,894.74 restitution and $100 special assessment. (Court Reporter Laura Samuels.) (lvw, ) (Entered: 06/28/2004) |
| 06/29/2004 | | ***Procedural Interval start as to Ikenna S Myers (lvw, ) (Entered: 06/30/2004) |
| 06/29/2004 | ❍25 | JUDGMENT as to Ikenna S Myers (1), Count(s) 1, Defendant to serve 3 years probation,$38,894.74 restitution and special assessment. Signed by Judge George C. Smith on 6/29/04. (lvw, ) (Entered: 06/30/2004) |
| 06/29/2004 | | ***Case Terminated as to Ikenna S Myers (lvw, ) (Entered: 06/30/2004) |
| 01/19/2005 | | ***Staff Notes as to Ikenna S Myers: Probation 22 form, Transfer of Jurisdiction to the District of Columbia, signed by Judge Smith and returned to USPO for further action. (lvw, ) (Entered: 01/19/2005) |
| 09/19/2005 | ❍26 | Probation Jurisdiction Transferred to District of Columbia as to Ikenna S Myers (lvw, ) (Entered: 09/20/2005) |
| 09/20/2005 | ❍ | Certified copies of Information, Plea Agreement, Judgment and docket sheet as to Ikenna S Myers sent to the District of Columbia. (lvw, ) (Entered: 09/20/2005) |

RECEIVED

SEP 2 3 2005

NANCY MAYER WHITTINGTON  CLERK
U.S. DISTRICT COURT