UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 7 - 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IKENNA S. MYERS,<br><br>Defendant. | Crim. Action No. 05-PT-331<br>TFH/DAR |

### REPORT AND RECOMMENDATION

On June 23, 2004, Defendant pled guilty in the United States District Court for the Southern District of Ohio to transporting a counterfeit security in violation of 18 U.S.C. §2314. He was sentenced to three years probation. Probation supervision commenced on June 23, 2005 and is scheduled to expire on June 22, 2007. The Defendant's case was transferred to this district for supervision in July, 2004, and jurisdiction was transferred in August, 2005.

In a Request for Course of Action (Form 12) filed on October 2, 2006 (Docket No. 2), the assigned Probation Officer alleged two violations by Defendant of his special conditions of probation. More specifically, the assigned Probation Officer alleged that on June 30, 2006, Defendant was unsatisfactorily discharged from urinalysis testing at Next Step for non-attendance, and that Defendant failed to participate in mental health and drug treatment as instructed. A preliminary revocation hearing was first scheduled for October 11, 2006, but on that date, the hearing was continued to October 26, 2006 on the consent motion by all parties.

On October 26, Defendant conceded the alleged violations. Defendant's assigned Probation Officer did not seek revocation of Defendant's term of probation, and instead, requested that the Court modify Defendant's special conditions of supervision to require a 90-day

United States v. Myers                                                                                              2

placement in the U.S. Parole Commission Sanctions Center. Counsel for the government concurred in the request of Defendant's Probation Officer.

Defendant, through his counsel, opposed the request. Defendant's counsel asked that Defendant be admonished for his non-compliance, and that no further action be taken. Defendant's counsel stated that none of the samples submitted by Defendant had been positive; however, Defendant's Probation Officer observed that Defendant had not been tested since August 9, 2005.

The undersigned continued the preliminary revocation hearing to November 30, 2006, and instructed Defendant, in the interim, to comply with all of the instructions of his Probation Officer regarding drug testing and mental health treatment.

In a Memorandum dated November 20, 2006, the assigned Probation Officer stated there were no further alleged violations, and that Defendant's November 7 drug test was negative.

At the November 30 hearing, the assigned Probation Officer informed the court that during Defendant's November 21, 2006 drug test, Defendant seemed nervous and was fidgeting. When the assigned Probation Officer requested a spot test prior to the commencement of the November 30 hearing, the Probation Officer observed the Defendant as he submitted his urine sample and noticed that Defendant's penis appeared to "look fake."[1] The Probation Officer determined that Defendant had a "whizzinator-type" device attached to him and was giving a sample through that. The assigned Probation Officer confiscated the device and brought it to the court's attention. The Probation Officer submitted that as a consequence of Defendant having

---

[1] The Defendant on November 30, 2006 informed the court that he was running late because his car was pulled over by the police; when he arrived, the assigned Probation Officer directed Defendant to submit to a spot test.

United States v. Myers											3

been found in possession of the "whizzinator-type" device, the previous negative drug tests are now questionable. Nonetheless, the Probation Officer made the same request he did on October 26, 2006. The Probation Officer represented that the applicable revocation guidelines are three to nine months, and if the Defendant does not agree to go to the Sanctions Center, then probation should be revoked, and that the Defendant should be sentenced to a period of incarceration of six months. Counsel for the government again concurred in the Probation Officer's request.

Counsel for the Defendant did not concur, and requested that the conditions of probation not be modified and that the Defendant be allowed time to find a suitable program to provide mental health and drug treatment. Counsel represented that defendant is aware that seeking such treatment is beneficial to him as he continues to pursue his medical degree.

Upon consideration of the Request for Course of Action, the September 5, 2006, November 6, 2006 and November 20, 2006 memoranda submitted by the Probation Office, the proffers and arguments of counsel and the entire record herein, it is, this __7th__ day of December, 2006,

**RECOMMENDED** that the Court follow the recommendation of Defendant's Probation Officer unless, by the time of the final revocation hearing, Defendant has entered a program through which his compliance with his conditions of probation is facilitated.[2]

_____
DEBORAH A. ROBINSON
United States Magistrate Judge

---

[2] The final revocation hearing is scheduled for 10:30 a.m. on Wednesday, January 10, 2007.